Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL II

| | | |
|---|---|---|
| DANIEL QUILES ORTIZ, SOFIA DEL MAR MORALES RODRÍGUEZ<br><br>Peticionarios<br><br>v.<br><br>PABLO LUIS DÍAZ FAJARDO T/C/C PACHE, COMPAÑÍA ABC<br><br>Recurridos | KLCE202400388 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala de Carolina<br><br>Caso Núm. CA2023CV02658<br><br>Sobre: Acometimiento o Agresión |

Panel integrado por su presidente el Juez Bermúdez Torres, el Juez Adames Soto y la Juez Aldebol Mora

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 16 de mayo de 2024.

I.

El 23 de agosto de 2023, el Sr. Daniel Quiles Ortiz y la Sra. Sofia del Mar Morales Rodríguez presentaron una *Demanda* de daños y perjuicios en contra del Sr. Pablo Luis Díaz Fajardo, por una alegada agresión cometida por este en la Plaza Aviones de Loíza. Como consecuencia de la alegada agresión, el señor Quiles Ortiz sufrió una perforación del tímpano izquierdo, requiriendo intervención quirúrgica, antibióticos y tratamiento médico. Los daños físicos de la agresión se estimaron en no menos de cien mil dólares ($100,000). Por su parte, la señora Morales Rodríguez sufrió angustias mentales al ver a su novio ser agredido y amenazado por el señor Díaz Fajardo, y al ser ella también amenazada de muerte. Las angustias mentales se estimaron en no menos de cincuenta mil dólares ($50,000).

Ese mismo día, el señor Quiles Ortiz y la señora Morales Rodríguez presentaron una *Solicitud de Orden al Registrador de la Propiedad para que Anote Embargo Preventivo en Aseguramiento de*

Número Identificador

RES2024_____

*Sentencia y Solicitud de Orden de No Enajenar.* Tras varios trámites procesales, y en cuanto a la Orden de Embargo, el 24 de agosto de 2023, el Foro primario resolvió que evaluaría la misma una vez se cumpliera con la 56.2[1] y 56.3[2] de las Reglas de Procedimiento Civil.

El 5 de septiembre de 2023, notificada el 8 de septiembre de 2023, el Tribunal de Primera Instancia emitió una *Orden de Señalamiento de Vista Mediante Videoconferencia* para el 12 de octubre de 2023.

Luego de varias instancias procesales, el 8 de noviembre de 2023, el señor Quiles Ortiz y la señora Morales Rodríguez radicaron una *Demanda Enmendada.* En la misma, le informaron al tribunal que se habían radicado cargos criminales por agresión en contra de Díaz Fajardo. No obstante, no se determinó causa para arresto en su contra. Posteriormente, adujeron que, Fajardo Díaz obtuvo una orden de protección en contra de Quiles Ortiz mediante falsedades y tergiversaciones de hechos y que, tomando en cuenta la orden, Quiles Ortiz se mudó al Municipio de Arecibo frente a la playa donde regularmente practicaba *bodyboarding.* Sobre este particular, alegaron que el 11 de octubre de 2023, con el propósito de provocar una situación donde Quiles Ortiz violara la Orden de Protección, Díaz Fajardo se personó en la playa cerca de su residencia desde temprano y llamó a la policía acusando a Quiles Ortiz de violar la Orden de Protección. Sobre este incidente, Quiles Ortiz estableció que, Díaz Fajardo no tuvo éxito en su intento para provocar su arresto, pero alega que sufrió daños emocionales adicionales estimados en veinticinco mil dólares ($25,000).

En respuesta, el 14 de diciembre de 2023, el señor Díaz Fajardo presentó la *Contestación a Demanda Enmendada* en la que solicitó que se declarara No Ha Lugar la *Demanda Enmendada.*

---

[1] 32 LPRA Ap. V, 56.2.
[2] 32 LPRA Ap. V, R. 56.3.

El 18 de enero de 2024, se celebró la Vista de Embargo Preventivo. Sobre el particular, el 26 de enero de 2024, el Tribunal de Primera Instancia emitió *Resolución y Orden* declarando No Ha Lugar la Solicitud de Orden al Registrador de la Propiedad. Esbozó que la misma no procedía en etapas tempranas del descubrimiento de prueba. De igual forma, dictaminó que las meras alegaciones de la *Demanda* no eran prueba, ni establecían altas probabilidades de prevalecer en los méritos. Asimismo, el Foro primario estableció que no se demostró la existencia de una deuda líquida, vencida y exigible, ya que no existía una determinación del valor líquido real de las reclamaciones. Por esto, concluyó que no procedía la solicitud de embargo preventivo en aseguramiento de sentencia bajo la Regla 56.1 de Procedimiento Civil.[3]

Inconformes, el 5 de febrero de 2024, el señor Quiles Ortiz y la señora Morales Rodríguez presentaron una *Moción de Reconsideración e Informativa* en la cual sostuvieron que la Vista de Embargo Preventivo celebrada el 18 de enero de 2024 debió ser de naturaleza evidenciaria y no, de naturaleza argumentativa. Por otro lado, arguyeron que la Regla 56.1 de Procedimiento Civil requiere que su promovente demuestre altas probabilidades de prevalecer y, por lo tanto, era necesario desfilar prueba en la aludida Vista.

Así las cosas, el 6 de febrero de 2024, el Tribunal de Primera Instancia ordenó al señor Díaz Fajardo que expusiera su posición en un término de veinte (20) días. El 26 de febrero de 2024 el señor Díaz Fajardo presentó una *Oposición a Moción de Reconsideración e Informativa.* En la misma, argumentó que la Vista fue válidamente celebrada conforme a la Regla 56.4 de Procedimiento Civil.[4] Asimismo, sostuvo que dicha regla no obliga a celebrar una vista evidenciaria para denegar un embargo. Por último, señaló que de la

---

[3] 32 LPRA Ap. V, R. 56.1.
[4] 32 LPRA Ap. V, R. 56.4.

faz de la solicitud surgía que el remedio solicitado no cumplía con los requisitos necesarios para incoar una reclamación de cobro de dinero ya que, no demostraba la existencia de una deuda líquida, vencida y exigible o circunstancia extraordinaria.

El 1 de marzo de 2024, notificada el 4, el Foro primario, mediante *Resolución*, declaró No Ha Lugar la *Moción de Reconsideración e Informativa* presentada el 5 de febrero de 2024. En síntesis, expuso que no procedía la anotación preventiva de demanda debido a que la reclamación era de carácter personal no inscribible y versaba sobre bienes inmuebles que no serán parte de la controversia.

Así las cosas, el 15 de marzo de 2024, el señor Quiles Ortiz y la señora Morales Rodríguez presentaron una *Segunda Demanda Enmendada*. Sin embargo, inconformes aun con el dictamen del Tribunal de Primera Instancia que denegó su *Moción de Reconsideración*, el 3 de abril de 2024, el señor Quiles Ortiz y la señora Morales Rodríguez acudieron ante nos mediante *Petición de Certiorari*. Plantean:

> **Erró el TPI al cambiar la naturaleza de la vista de embargo preventivo en aseguramiento de sentencia de una "evidenciaria" a una "argumentativa" y prohibir la presentación de prueba, para luego denegar la moción de embargo preventivo en aseguramiento de sentencia bajo el fundamento de que las meras alegaciones no son prueba.**

> **Erró el TPI al confundir las figuras de "anotación de demanda" con la figura de "embargo preventivo en aseguramiento de sentencia", y denegar la moción de reconsideración a base del derecho aplicable a las "anotaciones de demanda".**

El 25 de abril de 2024, el señor Díaz Fajardo presentó su correspondiente *Oposición al Recurso de Certiorari*. Ese mismo día, el señor Quiles Ortiz y la señora Morales Rodríguez presentaron ante nos una *Breve Moción Evitando Inducción a Error al Honorable Foro Ante Este Honorable Tribunal*. Aludieron a que, en la introducción de la *Oposición*, así como en la discusión de los señalamientos de error,

el señor Diaz Fajardo hizo referencia al documento que presentó el 8 de abril de 2024 titulado *Urgente Moción de Descalificación y en Solicitud de Sanciones y Referido Ético al Tribunal Supremo de Puerto Rico* en el que imputó a la representación legal del señor Quiles Ortiz y la señora Morales Rodríguez de haber presentado una *Demanda Enmendada* con alegaciones antiéticas de hechos falsos. Más aún, arguyeron que, en su oposición, el señor Diaz Fajardo hizo referencia al contenido de la *Moción de Descalificación y Referido Ético* que fue presentada el 3 de abril de 2024, y omitió hacer lo propio sobre el contenido de la *Breve Oposición a Moción de Descalificación* que había presentado el señor Quiles Ortiz y la señora Morales Rodríguez ante el foro primario el 11 de abril de 2024.

Por otro lado, establecieron que en la oposición del señor Díaz Fajardo, luego de atacar la ética de la representación legal de señor Quiles Ortiz y la señora Morales Rodríguez, este mencionó que el señor Quiles Ortiz convenientemente ignoró la controversia sobre la alegada falsedad de los hechos de la *Demanda Enmendada.* Esbozaron que esta omisión se hizo a sabiendas de que la parte peticionaria presentó el presente recurso de *certiorari* antes de que el recurrido presentara ante el foro primario la *Moción de Descalificación y Referido Ético.* Con ello, alegaron que el recurrido intencionalmente indujo a error al tribunal.

## II.

Todo dictamen emitido por el Tribunal de Primera Instancia en el curso del proceso judicial es revisable, bien sea por apelación o por *certiorari.* El auto de *certiorari* es un remedio procesal utilizado para que un tribunal de mayor jerarquía pueda corregir un error cometido por un tribunal inferior. Distinto a los recursos de apelación, el tribunal de superior jerarquía tiene la facultad de expedir el auto de *certiorari* de manera discrecional. Esta discreción, se ha definido como una forma de razonabilidad aplicada al

discernimiento judicial para llegar a una conclusión justiciera.[5] No significa poder actuar en una forma u otra, haciendo abstracción del resto del derecho, porque, ciertamente, eso constituiría un abuso de discreción.[6]

Con el fin de que podamos ejercer de una manera sabia y prudente la facultad discrecional de entender o no en los méritos de los asuntos que nos son planteados mediante el recurso de *certiorari*, la Regla 40 del Reglamento de este Tribunal nos señala los criterios que debemos considerar al atender una solicitud de expedición de un auto de *certiorari*. Dispone:

> **Regla 40. Criterios para expedición del auto de *certiorari***
> El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:
> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
> (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
> (E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
> (F) Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
> (G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.[7]

El *certiorari,* como recurso extraordinario discrecional, debe ser utilizado con cautela y solamente por razones de peso.[8] La denegatoria de expedir un auto de *certiorari,* no constituye una adjudicación en los méritos. Es el ejercicio de nuestra facultad

---

[5] *Pueblo* v. *Rivera Montalvo*, 205 DPR 352, (2020); *Negrón* v. *Srio de Justicia*, 154 DPR 79 (2001).
[6] *Medina Nazario* v. *McNeil Healthcare LLC,* 194 DPR 723, 728-729 (2016); *Pueblo* v. *Custodio Colón,* 192 DPR 567, 588 (2015).
[7] 4 LPRA Ap. XXII-B, R. 40.
[8] *Pérez* v. *Tribunal de Distrito,* 69 DPR 4, 7 (1948).

discrecional para no intervenir a destiempo con el trámite pautado por el foro de instancia, evitando que se dilate innecesariamente la resolución final del pleito.[9] La parte afectada con la denegatoria de expedirse el auto de *certiorari*, tiene a su favor el revisar el dictamen final, cuando se resuelva la causa de acción por el foro primario.[10]

Además, como se sabe, "los tribunales apelativos no debemos, con relación a determinaciones interlocutorias discrecionales procesales, sustituir nuestro criterio por el ejercicio de discreción del tribunal de instancia, salvo cuando dicho foro haya incurrido en arbitrariedad o craso abuso de discreción".[11] El tribunal de instancia goza de amplia discreción para pautar el manejo de los casos ante su consideración, a fin de lograr la búsqueda de la verdad y que sean adjudicados de manera rápida y correctamente. Como foro intermedio apelativo, no vamos a intervenir con el ejercicio de tal autoridad, excepto se demuestre que medió craso abuso de discreción, que hubo una interpretación o aplicación errónea de una norma procesal o sustantiva de derecho y que la intervención revisora evitará perjuicio sustancial a la parte alegadamente afectada.[12]

III.

Hemos evaluado el dictamen impugnado y coincidimos con la parte recurrida en que, el mismo refleja una aplicación correcta del derecho por parte del Foro *a quo*. En primer lugar, el recurso presentado por el señor Quiles Ortiz y la señora Morales Rodríguez no contiene ningún argumento suficiente para establecer que el foro primario erró o violentó sus derechos al ejercer su discreción judicial

---

[9] Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B R.40; *Filiberty* v. *Soc. de Gananciales*, 147 DPR 834, 838 (1999).

[10] *Negrón*, 154 DPR, pág. 93; *Bco. Popular de P.R.* v. *Mun. de Aguadilla*, 144 DPR 651, 658 (1997).

[11] *Meléndez* v. *Caribbean Int'l News*, 151 DPR 649, 664-665 (2000); *Lluch* v. *España Service Sta.*, 117 DPR 729, 745 (1986); *Valencia, Ex Parte*, 116 DPR 909, 913 (1986).

[12] *García* v. *Asociación*, 165 DPR 311 (2005); *Meléndez*, 151 DPR, págs. 664-665.

de no celebrar una vista evidenciaria. En segundo lugar, concluimos que no abusó de su discreción el Foro *a quo* al no dar paso a un desfile de prueba durante la Vista de Embargo Preventivo, tras intimar, que de las alegaciones no estaba presente el requisito de altas probabilidades de prevalecer en el juicio para poder emitir la orden de embargo preventivo. Más aun, cuando no se ha demostrado que hubiese una deuda líquida, vencida y exigible ya que no existe una determinación del valor líquido real de las reclamaciones. No encontramos ningún elemento jurídico que amerite nuestra intervención en este momento.

IV.

Por los fundamentos antes expuestos, *denegamos* la expedición del presente recurso de *Certiorari*.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones